**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Yvonne Derry,<br><br>    Plaintiff,<br><br>vs.<br><br>American Brokers Conduit; American Home Mortgage Servicing, Inc.; Freestand Financial Holdings, Inc.; American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; Countrywide Home Loans, Inc.; Bank of America Home Loans; Homesite Settlement Services, Inc.; Trustee for Transaction,<br><br>    Defendants. | No. CV09-2549-PHX-NVW<br><br>**ORDER** |

Before the Court are Defendants Countrywide Home Loans, Inc. and Bank of America's Motion to Dismiss (collectively "B of A Defendants") joined by Defendant American Home Mortgage Servicing, Inc. ("American Home") (doc. ## 10, 11) and B of A Defendants' Motion to Strike Plaintiff's "Memorandum of Law and Response for Details" (doc. # 18).

**I.  Motion to Strike**

A motion to strike may be filed only if it is authorized by statute or rule or if it seeks to strike any part of a filing on the ground that it is not authorized by a statute, rule, or court order. LRCiv 7.2(m)(1). B of A Defendants move to strike Plaintiff's

Memorandum of Law and Response for Details on the ground that it is not authorized by a statute, rule, or court order. Local Rules permit only a motion, response, and reply. LRCiv 7.2(c), (d). They do not authorize the non-moving party to file a response to the moving party's reply.

Therefore, Plaintiff Pro Se's Memorandum of Law and Response for Details (doc. # 18) will be ordered stricken. Plaintiff is not prejudice by the Court's ruling on the Motion to Strike without awaiting a response because the Court has examined Plaintiff Pro Se's Memorandum of Law and Response for Details (doc. # 18), and nothing therein would affect the Court's ruling on the Motion to Dismiss.

**II.     Motion to Dismiss**

      **A.     Rule 8, Federal Rules of Civil Procedure**

A claim must be stated clearly enough to provide each defendant fair opportunity to frame a responsive pleading. *McHenry v. Renne*, 84 F.3d 1172, 1176 (9th Cir. 1996). "Something labeled a complaint . . ., yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *Id.* at 1180. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint having the factual elements of a cause of action present but scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

In order to assist litigants to understand the Rule 8(d)(1) requirements that allegations "be simple, concise, and direct," Rule 84 of the Federal Rules of Civil Procedure provides examples in an Appendix of Forms, which are "intended to indicate the simplicity and brevity of statement which the rules contemplate." *McHenry*, 84 F.3d at 1177. An example is Form 11 (Complaint for Negligence):

      1. (Statement of Jurisdiction—See Form 7.)

> 2. On *date*, at *place*, the defendant negligently drove a motor vehicle against the plaintiff.
>
> 3. As a result, the plaintiff was physically injured, lost wages or income, suffered physical and mental pain, and incurred medical expenses of $_____.
>
> Therefore, the plaintiff demands judgment against the defendant for $____, plus costs.

*Id.*

Derry's complaint is titled "Complaint for Fraud and Complaint for Collusion." It alleges the "mortgage note" on Derry's home violates consumer protection laws including, but not limited to, "the Truth in Lending Act (TILA), Consumer Protection Act, Real Estate Settlement Procedures Act, (RESPA) at 15 U.S.C. § § 1601 et seq. and 12 U.S.C. § § 2601 et seq., and the Home Ownership and Equity Protection Act (HOEPA)." It does not allege general facts about the "mortgage note," such as the date, terms, and parties. It does not identify which Defendants allegedly committed which acts. Portions of the Complaint appear to be copied and inserted from other documents, such as generic demand letters. It rambles on for 19 pages and is, in places, incoherent. Much of it consists of legal conclusions, not factual allegations.

Derry's "Complaint for Fraud and Complaint for Collusion" does not meet the requirements of Fed. R. Civ. P. 8(a) and 8(d)(1).

**B.    Rule 9(b), Federal Rules of Civil Procedure**

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b) requires allegations of fraud to be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that the can defend against the charge and not just deny that they have done anything wrong." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001). "While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989). Further,

> Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud. In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, identify the role of each defendant in the alleged fraudulent scheme.

*Swartz v. KPMG LLP*, 476 F.3d 756, 764 -765 (9th Cir. 2007) (internal quotation marks, alteration marks, and citations omitted).

Derry's "Complaint for Fraud and Complaint for Collusion" does not identify the role of each Defendant in the alleged fraudulent scheme. Further, although the Complaint generally alleges Defendants made misrepresentations about funding the loan transaction, it does not specify who said what when and to whom, which are facts Defendants require to respond to the Complaint. To the extent that Derry intended to plead a fraud claim, the "Complaint for Fraud and Complaint for Collusion" does not meet the requirements of Fed. R. Civ. P. 9(b).

### C.  Rule 12(b)(6), Federal Rules of Civil Procedure

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), all allegations of material fact are assumed to be true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Dismissal under Rule 12(b)(6) can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To avoid dismissal, a complaint must contain "only enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

1 First, the Court must identify allegations in the complaint that are not entitled to
2 the assumption of truth. *Id.* at 1949, 1951. The principle that a court accepts as true all of
3 the allegations in a complaint does not apply to legal conclusions or conclusory factual
4 allegations. *Id.* at 1949, 1951. "Threadbare recitals of the elements of a cause of action,
5 supported by mere conclusory statements, do not suffice." *Id.* at 1949. "A plaintiff's
6 obligation to provide the grounds of his entitlement to relief requires more than labels and
7 conclusions, and a formulaic recitation of the elements of a cause of action will not do."
8 *Twombly*, 550 U.S. at 555.

9 Second, the Court must determine whether the factual allegations plausibly
10 suggest an entitlement to relief. *Iqbal*, 129 S. Ct. at 1950, 1951. This determination is "a
11 context-specific task that requires the reviewing court to draw on its judicial experience
12 and common sense." *Id.* at 1950. To show that the plaintiff is entitled to relief, the
13 complaint must permit the court to infer more than the mere possibility of misconduct.
14 *Id.*

15 Because Derry's "Complaint for Fraud and Complaint for Collusion" does not
16 include "simple, concise, and direct" allegations and does not identify who allegedly did
17 what to whom, it is difficult to determine what legal theory forms the basis for each of the
18 five counts. It is not necessary to do so, however, because most of the Complaint consists
19 of legal conclusions or conclusory factual allegations, which the Court does not accept as
20 true on a motion to dismiss. Further, it is impossible to determine whether any of the
21 counts are time-barred because the Complaint does not identify the date of any alleged
22 misconduct. The Complaint appears to seek rescission of the loan transaction, which
23 requires the homeowner to return to the lender everything the homeowner received from
24 the lender, but the Complaint does not allege that Derry has offered to return the entire
25 amount of the loan plus interest and is able to do so. Moreover, the Complaint does not
26 allege that Derry has been evicted, her home has been sold, or she has suffered any
27 adverse consequences as a result of any misconduct of any of the Defendants.
28

1   The Complaint will be dismissed under Fed. R. Civ. P. 12(b)(6) because it does not
contain "enough facts to state a claim for relief that is plausible on its face." *See Bell Atl.
Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## III. Leave to Amend

Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). Derry will be given an opportunity, if she so chooses, to amend her complaint to make clear her allegations in short, plain statements. In the amended complaint, Derry must write out the rights she believes were violated, the name of each Defendant that violated the right, exactly what each Defendant did or failed to do, how the action or inaction of that Defendant is connected to the violation of Derry's rights, and what specific injury Derry suffered because of the Defendants' conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). Any amended complaint filed by Derry must conform to the requirements of Rule 8(a) and (d)(1) of the Federal Rules of Civil Procedure.

Derry is warned that if she elects to file an amended complaint and if she fails to comply with the Court's instructions explained in this order, the action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See McHenry*, 84 F.3d at 1177 (affirming dismissal with prejudice of prolix, argumentative, and redundant amended complaint that did not comply with Rule 8(a)); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming dismissal of amended complaint that was "equally as verbose, confusing, and conclusory as the initial complaint"); *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965) (affirming dismissal without leave to amend second complaint that was "so verbose, confused and redundant that its true substance, if any, [was] well disguised").

## IV. Attorneys' Fees

American Home requests under A.R.S. § 12-341.01(A) an award of attorneys' fees incurred in preparing its joinder in the motion to dismiss. It is premature to decide the extent to which American Home has prevailed before Derry has opportunity to amend the

1 Complaint. The fee request, therefore, will be denied without prejudice to seeking fees as
2 provided in LRCiv 54.2.
3     IT IS THEREFORE ORDERED that Defendants Countrywide Home Loans, Inc.
4 and Bank of America's Motion to Strike Plaintiff's "Memorandum of Law and Response
5 for Details" (doc. # 18) is granted. The Clerk shall leave the Memorandum imaged in the
6 electronic records of the court.
7     IT IS FURTHER ORDERED that Defendants Countrywide Home Loans, Inc. and
8 Bank of America's Motion to Dismiss (doc. # 10) joined by Defendant American Home
9 Mortgage Servicing, Inc. (doc. # 11) is granted.
10    IT IS FURTHER ORDERED that Plaintiff Yvonne Derry may file a motion to
11 amend the Complaint and separately lodge a proposed Amended Complaint by February
12 19, 2010. The Clerk is directed to terminate this case without further order if Plaintiff
13 does not file a motion to amend and lodge a proposed Amended Complaint by February
14 19, 2010.
15    IT IS FURTHER ORDERED that Defendant American Home Mortgage
16 Servicing, Inc.'s request for award of attorneys' fees incurred in preparing its joinder in
17 the motion to dismiss is denied without prejudice.
18    DATED this 2nd day of February, 2010.

_____
Neil V. Wake
United States District Judge