

YVONNE DERRY
Plaintiff Pro Se
15414 E Hillside Drive
Fountain Hills, AZ  85268
(480) 282-2684

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| YVONNE DERRY,<br><br>    Plaintiff,<br><br>vs.<br><br>AMERICAN BROKERS CONDUIT, Sharon Ing; AMERICAN HOME MORTGAGE SERVICING, INC., Donald Henig, Alan B Horn, Michael Strauss; FREESTAND FINANCIAL HOLDINGS, INC., Jesse A Gee; AMERICAN HOME MORTGAGE HOLDINGS, INC.; AMERICAN HOME MORTGAGE INVESTMENT CORP.; COUNTRYWIDE HOME LOANS,INC., Andrew Gissinger III, Preston R James Jr.; BANK OF AMERICA HOME LOANS, Barbara Desoer, Gregory Curl, Michael Dender; HOMESITE SETTLEMENT SERVICES, INC.; TRUSTEE FOR TRANSACTION, et al.<br><br>    Defendant(s) | Case No.2:09-CV-02549-PHX-NVW<br><br><br>AMENDED COMPLAINT FOR FRAUD AND COLLUSION |

**NOW COMES, PLAINTIFF,** by and through herself, who is unschooled in law and asks that the court take Judicial Notice of the enunciation of principles as stated in <u>Haines v. Kerner</u>, 404 U. W. 519, wherein the court has directed that those who are unschooled in law making pleadings and/or complaints shall have the court look to the substance of the pleadings rather than the form.  The Plaintiff moves the court as follows:

I am filing a Complaint for Fraud and Collusion for the following reasons:

1

1. The mortgage note on my home is in violation of laws and regulations that have been set in place to protect the American consumer. These include but are not limited to, the **Truth in Lending Act, (TILA), Consumer Protection Act, Real Estate Settlement Procedures Act, (RESPA) at 15 USC § 1601 et seq. and 12 USC § 2601 et seq.,** and the **Home Ownership and Equity Protection Act or (HOEPA).**
2. My rights as a consumer have been grossly violated.
3. The year of my loan is not beyond the statue of limitations.

COUNT 1

1. AMERICAN BROKERS CONDUIT; AMERICAN HOME MORTGAGE SERVICING, INC., ET AL failed to give me the required 3 day cool off period as required by Regulation Z, Part 226 and 15 USC § 1601 et seq. This is prior to the signing of the Loan. A complete set of unsigned documents were to have been given to me to take home and review.
2. I was not given the HUD booklet on loans within 3 days of making application nor was I given a Good Faith Estimate within 3 days of making application as required by 12 USC § 2604 et seq., by AMERICAN BROKERS CONDUIT; AMERICAN HOME MORTGAGE SERVICING, INC., ET AL.
3. I was not given a Good Faith Estimate within 3 days of making application. I received it at closing. (Code of Federal Regulations, Section 226.18© and 12 USC § 2601 et seq.), by AMERICAN BROKERS CONDUIT; AMERICAN HOME MORTGAGE SERVICING, INC., ET AL.
4. Since I was not given a Good Faith Estimate within 3 days of making Application, a separate sheet was not provided for each of the charges summarized on the Good Faith Estimate, by AMERICAN BROKERS CONDUIT; AMERICAN HOME MORTGAGE SERVICING, INC., ET AL.
5. The Plaintiff/Borrower was not asked to sign an agreement that I did not want separate disclosures for the itemizations on the Good Faith Estimate, Settlement Statement and Truth in Lending forms as required by Title 12 Code of Federal

Regulations § 226.18 et seq., by AMERICAN BROKERS CONDUIT; AMERICAN HOME MORTGAGE SERVICING, INC., ET AL.

6. AMERICAN BROKERS CONDUIT; AMERICAN HOME MORTGAGE SERVICING, INC., ET AL. failed to give plaintiff/borrower signed copies (Borrower and Lender) of the complete loan transaction as required by 15 USC § 1601 et seq. within a reasonable amount of time or never during the entire period of the loan agreement to date.

7. AMERICAN BROKERS CONDUIT; AMERICAN HOME MORTGAGE SERVICING, INC., ET AL. have failed to make the disclosures required by 15 USC § 1601 et seq. and Title 12 Code of Federal Regulation, § 226.18, clearly and conspicuously in writing, in a form that plaintiff/ borrower could keep as required by 15 USC § 1601 et seq. and Title 12 Code of Federal Regulation, § 226.18.

8. There were no statements that plaintiff should refer to the appropriate contract document and clause for information about nonpayment, default, the right to accelerate as required by Title 12 Code of Federal Regulations, § 226.18 (p)., by AMERICAN BROKERS CONDUIT; AMERICAN HOME MORTGAGE SERVICING, INC., ET AL.

9. AMERICAN BROKERS CONDUIT; AMERICAN HOME MORTGAGE SERVICING, INC., ET AL. failed to give all the required sentences in the unsigned loan documents as required by 15 USC § 1601 et seq. and Regulation Z, Part 226. et seq.

COUNT II

1. Because of this and other reasons, it leads me to believe that I may be a victim of predatory lending, by AMERICAN BROKERS CONDUIT; AMERICAN HOME MORTGAGE SERVICING, INC., ET AL.

2. I am disputing the validity of the current debt that AMERICAN BROKERS CONDUIT; AMERICAN HOME MORTGAGE SERVICING, INC., ET AL. claim that I owe. By debt, I am referring to the principal balance claimed owed, my calculated monthly payment, calculated escrow payment and any fees claimed

to be owed AMERICAN BROKERS CONDUIT; AMERICAN HOME MORTGAGE SERVICING, INC., ET AL., or any trust or entity Defendant(s) may represent.

3. AMERICAN BROKERS CONDUIT; AMERICAN HOME MORTGAGE SERVICING, INC., ET AL., as the Lenders, have continued and so continue, to violate Title 15 United States Code, Section 1601 et seq., Regulation Z, Title 12 Code of Federal Regulation, Part 226, 12 USC § 2601 et seq., 12 Code of Federal Regulations, part 3500 and 31 USC § 1901 which was adopted pursuant to the Consumer Protection Act by failing to properly make disclosures.

4. As a result of Defendant(s) aforesaid violations, AMERICAN BROKERS CONDUIT; AMERICAN HOME MORTGAGE SERVICING, INC., ET AL., are liable to Plaintiff/ Borrower in an amount not less $200.00 and up to $2000.00 for each and every violation and clear title to property with fixtures in fee simple as a result of the aforementioned, all with damages, and the amount of $215,000.00 to off-set the alleged note. The credit transaction is also rescindable.

COUNT III

1. AMERICAN BROKERS CONDUIT; AMERICAN HOME MORTGAGE SERVICING, INC., ET AL. solicitation implies that AMERICAN BROKERS CONDUIT; AMERICAN HOME MORTGAGE SERVICING, INC., ET AL. will lend money or extend credit for purchases.

2. AMERICAN BROKERS CONDUIT; AMERICAN HOME MORTGAGE SERVICING, INC., ET AL. agreement implies that AMERICAN BROKERS CONDUIT; AMERICAN HOME MORTGAGE SERVICING, INC., ET AL. lend money or extend credit. AMERICAN BROKERS CONDUIT; AMERICAN HOME MORTGAGE SERVICING, INC., ET AL. do neither. AMERICAN BROKERS CONDUIT; AMERICAN HOME MORTGAGE SERVICING, INC., ET AL. exchange credit to the plaintiff/borrower's "transaction accounts". This, according to the Federal Reserve Bank of Chicago's workbook "Modern Money Mechanics" at page 6 and 7 as well as other Federal Reserve Bank publications.

3. AMERICAN BROKERS CONDUIT; AMERICAN HOME MORTGAGE SERVICING, INC., ET AL. call it a credit rather than an exchange.

4. AMERICAN BROKERS CONDUIT; AMERICAN HOME MORTGAGE SERVICING, INC., ET AL. agreement does not mention that the funding for the transaction is done with the charge slip, not with AMERICAN BROKERS CONDUIT; AMERICAN HOME MORTGAGE SERVICING, INC., ET AL. assets.

5. AMERICAN BROKERS CONDUIT; AMERICAN HOME MORTGAGE SERVICING, INC., ET AL. take the original charge slips and claim them as assets without the knowledge or permission of the owners.

6. AMERICAN BROKERS CONDUIT; AMERICAN HOME MORTGAGE SERVICING, INC., ET AL. sell these charge slips and/or applications/agreements and retain the proceeds without the knowledge or permission of the owners.

7. AMERICAN BROKERS CONDUIT; AMERICAN HOME MORTGAGE SERVICING, INC., ET AL. accept payments for charge slips which are no longer in AMERICAN BROKERS CONDUIT; AMERICAN HOME MORTGAGE SERVICING, INC., ET AL. possession.

8. AMERICAN BROKERS CONDUIT; AMERICAN HOME MORTGAGE SERVICING, INC., ET AL. know that the only evidence of debt is the original charge application yet Defendant(s) accept payment for these charges and retain the original instead of returning it to its lawful owner.

9. AMERICAN BROKERS CONDUIT; AMERICAN HOME MORTGAGE SERVICING, INC., ET AL. misrepresent an account balance as being debt.

10. AMERICAN BROKERS CONDUIT; AMERICAN HOME MORTGAGE SERVICING, INC., ET AL. harass Mortgage holders when they demand answers and explanations to these and other questions.

11. AMERICAN BROKERS CONDUIT; AMERICAN HOME MORTGAGE SERVICING, INC., ET AL. use misinformation, lies, and deceit to confuse holders that confront AMERICAN BROKERS CONDUIT; AMERICAN HOME MORTGAGE SERVICING, INC., ET AL. with these facts.

12. AMERICAN BROKERS CONDUIT; AMERICAN HOME MORTGAGE SERVICING, INC., ET AL. threaten Mortgage holders with derogatory statements on their credit report if they demand explanations to these facts and statements.

13. AMERICAN BROKERS CONDUIT; AMERICAN HOME MORTGAGE SERVICING, INC., ET AL. threaten holders with legal action if they confront Defendant(s) and demand explanations to these facts and statements.

14. AMERICAN BROKERS CONDUIT; AMERICAN HOME MORTGAGE SERVICING, INC., ET AL. actions and methods define racketeering.

15. AMERICAN BROKERS CONDUIT; AMERICAN HOME MORTGAGE SERVICING, INC., ET AL. agreement and methods of transactions are ultra vices.

16. AMERICAN BROKERS CONDUIT; AMERICAN HOME MORTGAGE SERVICING, INC., ET AL. offer no, or inadequate, consideration for AMERICAN BROKERS CONDUIT; AMERICAN HOME MORTGAGE SERVICING, INC., ET AL. agreement.

17. AMERICAN BROKERS CONDUIT; AMERICAN HOME MORTGAGE SERVICING, INC., ET AL. agreement lacks mutuality and AMERICAN BROKERS CONDUIT; AMERICAN HOME MORTGAGE SERVICING, INC., ET AL. consideration is illusory since AMERICAN BROKERS CONDUIT; AMERICAN HOME MORTGAGE SERVICING, INC., ET AL. retain the right to cancel or suspend the account without notice.

COUNT IV

Please take notice that the undersigned rescinds the application and agreement between AMERICAN BROKERS CONDUIT; AMERICAN HOME MORTGAGE SERVICING, INC., ET AL. and Yvonne Derry.

"Rescission of contract: To abrogate, annul, avoid, or cancel a contract; particularly, nullifying a contract by the act of a party. The right of rescission is the right to cancel (rescind) a contract upon the occurrence of certain kinds of default by the other contracting party. To declare a contract void in its inception and to put an end to it as though it never were. Russell v Stephens, 191 Wash. 314, 71 P.2d 30, 31."

"A 'rescission' amounts to the unmaking of a contract, or an undoing of it from the beginning, and not merely a termination, and it may be effected by mutual agreement of parties, or by one of the parties declaring rescission of contract without consent of other if a legally sufficient ground therefore exist…" Abdallah, Inc. v. Martin, 242 Minn. 416, 65 N.W. 2d 641, 644.

Black's Law Dictionary, Sixth Edition, p. 1306.

"A rescission at law is one which occurs without the assistance of the courts, in which one party unilaterally cancels the contract in response to a material breach by the other party or for other valid reasons. It is accomplished when one party to a contract tenders or returns to the other party benefits received under a contract, and it simply means that a party, by his or her acts, rescinds the agreement." 17B C.J.S. § 484.

This rescission is made on the grounds that the execution of the application/agreement by the Plaintiff was obtained through fraud, misrepresentation, and deceit, through the mutual mistake of both parties, and through the unilateral mistake of the Plaintiff by words, acts, and conduct business AMERICAN BROKERS CONDUIT; AMERICAN HOME MORTGAGE SERVICING, INC., ET AL. as seller as well as fraud, extortion, and conversion during agreement.

The above facts and statements are evidence of the intentional and gross misrepresentation of material facts perpetrated by AMERICAN BROKERS CONDUIT; AMERICAN HOME MORTGAGE SERVICING, INC., ET AL.'S solicitation material,

application, and agreement and the reasons for this Notice of Rescission and Restoration of Status Quo.

On condition that restoration is made to the undersigned of all monies and things of value given, transferred, or conveyed by the undersigned in consideration of the applications/agreement, the undersigned offers to restore everything of value received by the undersigned and to surrender possession thereof simultaneously with your compliance with the conditions. Further, on compliance with the condition, the undersigned offers to do and perform all acts and things that might be necessary or proper to restore fully to AMERICAN BROKERS CONDUIT; AMERICAN HOME MORTGAGE SERVICING, INC., ET AL., all properties and things of value received by the undersigned pursuant to or in consideration of the application/agreement, as fully and completely as if the application/agreement had never been made.

The undersigned demands the following from AMERICAN BROKERS CONDUIT; AMERICAN HOME MORTGAGE SERVICING, INC., ET AL.:

1. Prove, with competent evidence, that the following statements by the Federal Reserve Bank of Chicago in their "Modern Money Mechanics" workbook, Revised February 1994, do not apply to AMERICAN BROKERS CONDUIT; AMERICAN HOME MORTGAGE SERVICING, INC., ET AL.
   A. "Of Course, they do not really pay out loans from the money they receive as deposits. If they did this, no additional money would be created. What they do when they make loans is to accept promissory notes in exchange for credits to the borrowers' transaction accounts" At page 6.
   B. "Loans are made by crediting the borrower's deposit account, i.e., by creating additional deposit money." At page 7.
   C. That the law allows AMERICAN BROKERS CONDUIT; AMERICAN HOME MORTGAGE SERVICING, INC., ET AL. to exchange promissory notes/charge slips for transaction account credits;
2. The originals of all charge documents that represent all previous payments;
3. Refund of all monies not represented by original charge documents in "2" above;
4. Certified copies of all charge documents that represent the balance Defendant(s) allege to be owed on the above referenced account;

5. A sworn statement or affidavit stating the following:
   A. The amount of money AMERICAN BROKERS CONDUIT; AMERICAN HOME MORTGAGE SERVICING, INC., ET AL. allege to have lent and is still owed;
   B. That the above referenced charge documents accurately represent the amount stated in "A" above;
   C. That AMERICAN BROKERS CONDUIT; AMERICAN HOME MORTGAGE SERVICING, INC., ET AL.'S money was lent to obtain these charge documents from the merchant's bank;
   D. That these charge documents did not fund the transaction;
   E. That these charge documents will be returned to me immediately upon payment;
   F. That my application did not fund these transactions;
   G. That the account will be reported to the credit bureaus as "paid as agreed" upon receipt of payment.

Upon receipt of the above, undersigned agrees to pay the amount shown on the affidavit in 5A above.

Or, AMERICAN BROKERS CONDUIT; AMERICAN HOME MORTGAGE SERVICING, INC., ET AL. may show the account "paid as agreed", send a zero balance statement to undersigned, notify all credit bureaus that the account is paid as agreed and consider the issue closed.

Please be informed. I am not questioning AMERICAN BROKERS CONDUIT; AMERICAN HOME MORTGAGE SERVICING, INC., ET AL.'s authority to lend money or negotiate instruments. Our complaint is the fraud propounded by the solicitation and agreement implying that money is being lent when, in fact, instruments are being exchanged for transactions account/deposit account credits. If you are in fact lending money as your agreement implies, the above demands should be quite easy to fulfill and no honest business man would ever hesitate to do so.

AMERICAN BROKERS CONDUIT; AMERICAN HOME MORTGAGE SERVICING, INC., ET AL. have thirty (30) days, or whatever is appropriate by this court,

to respond. Failure to respond in a meaningful and constructive manner within the days given by the court will be construed as admission on the part of CITIBANK, N.A. ET AL, that the above reference facts and statements are correct, that the agreement has been rescinded with CITIBANK, N.A. ET AL's approval, that CITIBANK, N.A. ET AL has been completely restored, and that CITIBANK, N.A. ET AL agrees to report the account to the credit bureaus as "paid as agreed."

"Silence can only be equated with fraud when there is a legal or moral duty to speak, or when an inquiry left unanswered would be intentionally misleading…We cannot condone this shocking conduct…If that is the case we hope our message is clear. This sort of deception will not be tolerated and if this is routine it should be corrected immediately" U.S. v Twell, 550 F2d 297, 299-300.

    Should AMERICAN BROKERS CONDUIT; AMERICAN HOME MORTGAGE SERVICING, INC., ET AL. refuse to abide by the default agreement above, AMERICAN BROKERS CONDUIT; AMERICAN HOME MORTGAGE SERVICING, INC., ET AL. is hereby noticed that the undersigned withdraws her signature from all papers, forms, and documents associated with the above referenced account and undersigned reserves the right to take any and all actions necessary to enforce undersigned's rights

    The undersigned hereby surrenders the above referenced account and all things related to it to AMERICAN BROKERS CONDUIT; AMERICAN HOME MORTGAGE SERVICING, INC., ET AL. and withdraws any fiduciary responsibility for above referenced account. Please see Department of the Treasury, Internal revenue Service, Form 56.

    Should AMERICAN BROKERS CONDUIT; AMERICAN HOME MORTGAGE SERVICING, INC., ET AL. hire a third party attorney, which is defined as a collection agency for purposes of the FDCPA and must validate the debt upon demand, AMERICAN BROKERS CONDUIT; AMERICAN HOME MORTGAGE SERVICING, INC., ET AL.'S refusal to respond in a meaningful way to this document will service as prima facie evidence that AMERICAN BROKERS CONDUIT; AMERICAN HOME MORTGAGE SERVICING, INC., ET AL. are entering the suit with unclean hands.

    Should AMERICAN BROKERS CONDUIT; AMERICAN HOME MORTGAGE SERVICING, INC., ET AL. do nothing and refuse to clear the undersigned's credit report,

AMERICAN BROKERS CONDUIT; AMERICAN HOME MORTGAGE SERVICING, INC., ET AL. acknowledges that this document along with the Notice of Default is adequate notice to all credit bureaus that the above referenced account should have it status changed to reflect "Closed, Paid as Agreed."


I, Yvonne Derry, knowing the penalty of bearing false witness, hereby affirm the foregoing to be true and correct to the best of my knowledge and belief and do affix my signature in testimony of the foregoing notice.


EXECUTED THIS 19th day of February, 2010.


_____
YVONNE DERRY, PLAINTIFF PRO SE


_____
Notary Public

My commission expires: Aug 16 - 2011

```
NOTARY PUBLIC
STATE OF ARIZONA
Maricopa County
CHRISTIE JACOBSON
My Commission Expires August 16, 2011
```

Dated this 19 day of February, 2010

11

## CERTIFICATE OF SERVICE

I hereby certify that on February 19, 2010, I delivered two (2) copies of the attached Amended Complaint for Fraud and Collusion to the U.S. District Court, Clerk's office and delivered a copy of the foregoing via United States Mail to the following Attorneys for Defendants:

Tawn T. Pritchette (#019955)
Craig A. Morgan (#023373)
PERKINS COIE BROWN & BAIN P.A.
2901 North Central Avenue, Suite 2000
Phoenix, Arizona  85012-2788
Attorneys for Defendant American Home Mortgage Servicing, Inc.

Robert W. Shely
Jonathan G. Brinson
Gregory B. Iannelli
BRYAN CAVE LLP
Two North Central Avenue, Suite 2200
Phoenix, Arizona  85004-4406
Attorneys for Defendants Countrywide Home Loans, Inc. and Bank of America

_____
Yvonne Derry